## DANIEL CARLTON *versus* NATHAN CHOATE.

In the case of a complaint, to recover costs for not entering an action, it appeared that the action had been commenced against the complainant and another person, who had settled the action, with the assent of the complainant. It was held that the complainant was not entitled to costs.

THIS was a complaint, filed at August term, 1831, in which it was alleged, that the said Choate, on the 18th March, 1831, commenced an action of trespass, *quare clausum fregit*, against Carlton, and one John McNiel; that the writ was returnable at the said August term; and that the said Choate had neglected to enter the said action; whereupon the said Carlton prayed judgment for his costs.

It appeared, that an action had been commenced as alleged in the complaint; that the bodies of Carlton and McNiel had been arrested by virtue of the original writ, and that Choate had neglected to enter his action. And it was not disputed that, on the 21st March, 1831, after the arrest of McNiel and Carlton, McNiel had settled the action so far as respected himself, and had given security to pay $25. And it was said, by Choate, that the settlement embraced both McNiel and Carlton.— But this was denied by Carlton.

*D. French*, for the complainant.

*Betton*, for the respondent.

*By the court.* There are certain facts, in this case, about which there is no dispute. William Choate, a deputy sheriff, on Saturday, the nineteenth day of March, 1831, arrested McNiel and Carlton, by virtue of the writ mentioned in the complaint. Carlton was permitted to go at large, without keepers, but McNiel was put under the custody of James McGregor and Henry Chapin, who detained him as a prisoner, until Monday, the 21st March, 1831. On the last named day, McGregor made a propo-

sition to McNiel to settle, and offered to clear him for $25. This offer was accepted by McNiel and a settlement made, with him at least, for $25. W. Choate, the officer, was present, when this adjustment was made, and made a discharge of the action on the back of the writ. Thus far there is no dispute as to the facts.

The question then, is, was Carlton a party to the settlement and bound by it ?

It appears, by the testimony of William Choate, that Carlton, at the time of the settlement, said that he had no doubt a trespass had been committed, but that he ought to pay nothing, because he was in the employment of McNiel. This is not, in any way, contradicted, and it enables us to take a view of the case, which will reconcile all the testimony on both sides.

Carlton was, then, in McNiel's employment, when they did the acts, for which the action was brought.— McNiel agreed to pay the damages and costs, and settle the action. The wrong had been done by his procurement, and it was proper that he should bear all the expenses that might follow it. He made the adjustment, and secured the payment of $17, by means of a pair of steers, and gave his note for $8, as principal, with Carlton as surety. It is clear, from all the evidence, that McNiel made the settlement, and paid the damages and costs.

But William Choate and McGregor both state, in their depositions, that Carlton, while the negotiation for a settlement was pending, expressed a wish to have the matter adjusted. And there is not in the case, any testimony whatever that has any tendency to prove that he, in any way objected to the settlement—made any claim for costs, or refused to be considered as a party to the adjustment. Indeed it would have been strange if he would not assent to the settlement. For he could not even go to court, file a complaint for costs, and procure it to be allowed, without incurring expenses that would exceed in amount all he could thus obtain.

And what is there in the testimony that shows that he was not a party to the settlement ?

One circumstance, on which counsel rely, is, that he signed the note as surety. But, under the circumstances, this, so far from showing that he did not assent to the settlement, rather goes to prove that he not only assented, but actually aided in bringing it about.

Much reliance is also placed, by counsel, on certain declarations of McGregor, made just after the settlement. Elizabeth McNiel, and Jane McNiel, say, that McGregor told them, at that time, that he was not employed by Carlton to settle, and had not settled for him. But these declarations of McGregor are not all inconsistent with the truth of the case, as it now appears. McNiel procured the settlement. It is not pretended that Carlton paid any thing, or said any thing more than that he wished to have the matter settled, or did any thing beyond signing the note as surety.

It appears that Carlton demanded a copy of the writ, at the time the settlement was effected. This looks, to be sure, as if he did not consider the matter at an end. But he gave no intimation that the business was not to be considered as closed with respect to himself. On the contrary his pretence was that he wanted the copy to vindicate his character.

But, whatever may have been his views and intentions, we are clear that he so conducted that Choate had a right to consider him as assenting to the settlement.— And, after what he did and said, this attempt to obtain costs by a complaint, here, can hardly be viewed as consistent with good faith and fair dealing.

*Costs refused.*