# COOS,

## FRAZIER *v.* MERRILL.

Where a party commenced an action, and caused the property of the defendant to be attached, but no summons was then left with the defendant, and upon a consideration paid and performed by the defendant, it was agreed by the parties, that the action should cease and be no further prosecuted by either party, and the officer who attached the property and had possession of the writ and summons, afterwards, in contravention of the express direction of the plaintiff, delivered the summons to the defendant and thereby completed the service, and the plaintiff omitted to enter the action, it was *held*, that the defendant was not entitled to maintain a complaint for costs against the plaintiff for "a neglect to enter the action in court," in accordance with the provisions of chapter 186, section 1, of the Revised Statutes.

COMPLAINT for costs, founded upon the following facts :

On the thirty-first day of July, 1851, said Merrill commenced an action of trover against said Frazier, returnable to this court at the next term. In August, 1851, the parties agreed that Frazier should return to Merrill a yoke of oxen for which the suit was brought, and that the suit should be dropped. The oxen were returned according to the agreement, and Merrill afterwards directed the sheriff who had made an attachment upon the writ to proceed no farther with the service, but still left the writ and summons in the hands of the officer, who afterwards, but more than fifteen days before court, gave said Frazier the summons, and thus completed the service. Frazier employed counsel to defend

the suit, but the action not having been entered, he filed this complaint for his costs.

It was ordered that the questions arising upon the foregoing case be transferred to this court for decision.

*H. & G. A. Bingham*, for the complainant.

*G. C. Williams*, for the defendant.

WOODS, C. J.   This is a complaint for costs for not entering an action.   The provision of the statute upon which it is claimed that the complainant is entitled to costs, is as follows, namely : " If any person shall neglect to enter in court any action by him commenced, in which any process shall have been served on the defendant, judgment shall be rendered against him on complaint for costs."   In the present case, a summons was served upon the defendant, after an attachment of his property upon the writ; and thus the service was completed.   If these were all the facts upon which the question before us depended, the claim of the complainant for costs must be regarded as well founded, for the action was not entered in court.

But by agreement between the parties, the oxen which were the subject of the action, were surrendered by Frazier to Merrill, and thereupon the suit by the same agreement was to be dropped.   Merrill, in pursuance of his duty under the agreement, and in accordance therewith, and in furtherance of it, directed the officer who had then attached the property of Frazier, but had delivered no summons, to proceed no further with the service.   And no action was entered by him, and nothing more was done by the direction or with the authority of Merrill.

By the agreement and the acts of both parties, in pursuance of it, the suit was settled, and the settlement carried into complete effect in every particular, in accordance therewith.   It must be understood that, upon the return of the

oxen, the suit was to be dropped; that is, it was to be no further prosecuted by either party, and the ordinary fruits thereof were alone to be claimed by either. In short, the agreement carried into effect as it was, discharged all further claims for either costs or damages growing out of the action and the subject thereof. The omission, then, to enter the action, gave the complainant no right to costs. Indeed, it was a duty which Merrill owed to Frazier, by virtue of the agreement.

The fact that the officer gave to Frazier a summons, in contravention of the express directions of Merrill, cannot give Frazier a right to a bill of costs against Merrill, in despite of the agreement and understanding of the parties. Nor could he employ counsel for the same cause, without further reason to suppose the party intended pursuing his action, and without inquiry, and seek to reimburse his expenses by a complaint of this character.

After the fair settlement of a suit, and agreement that the same shall be dropped, the defendant cannot claim and recover costs of the plaintiff, upon the ground of a neglect to enter his action. After such settlement and agreement, and consideration executed, as in this case, there is in fact no action in existence to be entered; it is at an end, and as if it never had been, and that by assent of both parties. The case of *Carleton* v. *Choate*, 6 N. H. Rep. 138, is like this case in principle, and is decisive of it. That was the case of a complaint for costs, for not entering an action, and it appeared that the action had been commenced against the complainant, and another person, who had settled the action with the assent of the complainant; and it was held that the complainant was not entitled to costs. We are all of the opinion that this complaint should be dismissed.

*Complaint dismissed.*